E-FILED
Friday, 27 January, 2006  09:13:32 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MARC A. HOLLISTER,           )
                             )
     Petitioner,             )
                             )
     v.                      )
                             )   Case No. 05-4019
NEDRA CHANDLER,              )
                             )
     Respondent.             )

**O R D E R**

Before the Court are Marc A. Hollister's ("Hollister's") Motion for Appointment of Counsel [Doc. # 16], Motion for Leave to Appeal In Forma Pauperis [Doc. # 17], and Petition for Permission to Appeal [Doc. # 18]. For the reasons that follow, all of Hollister's motions will be denied.

In order for Hollister to appeal the denial of his section 2254 petition, this Court must first issue a certificate of appealabilty. The Court will construe Hollister's Petition for Permission to Appeal as a request for a certificate of appealability. A certificate of appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Further, the certificate of appealability must "indicate which specific issue or issues satisfy the showing required." 28 U.S.C. § 2253(c)(3). To be granted a certificate of appealability when a habeas petition is denied on procedural grounds a petitioner must show (1) "that jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right"; and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In his motion, Hollister argues that to show he is actually innocent so as to excuse his procedural default he need only show that the factual basis relied upon by the trial court to support his guilty plea does not support the charge of conviction. That is not the law. As previously stated, it is Hollister's burden to produce evidence to show he is actually innocent of the crime to which he pled guilty. Cf. Crist v. Dolan, No. 97-4116, 1998 WL 516760 at **2 (7th Cir. 1998) (actual innocence standard not satisfied where petitioner offered no "'new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial,'" citing Schlup, 513 U.S. at 327) (unpublished disposition). He has not done that here. Because the Court finds that jurists of reason would not find this Court's procedural ruling debatable, the Court will deny Hollister a certificate of appealability.

As for Hollister's Motion for Leave to Appeal In Forma Pauperis, the Court finds that Hollister's appeal has no merit and thus is not taken in good faith. Consequently, this motion will be denied. See Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000); Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir. 1998).

Finally, the Court will deny Hollister's Motion for Appointment of Counsel on appeal.

IT IS THEREFORE ORDERED that Hollister's Petition for Permission to Appeal [Doc. # 18] is DENIED.  The Court will not issue a certificate of appealability in this case.

IT IS FURTHER ORDERED that Hollister's Motion for Appointment of Counsel [Doc. # 16] and Motion for Leave to Appeal In Forma Pauperis [Doc. # 17] are DENIED.

ENTERED this  26th  day of January, 2006.

                                       s/ Joe B. McDade
                                        JOE BILLY McDADE
                                  United States District Judge